UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
———

MACUS M. BRIM,

        Plaintiff,                  Case No. 1:25-cv-684

v.                                    Honorable Ray Kent

ASHLEY SMITH et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a former state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 6.)

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. §§ 1915(e)(2). The Court may conduct this initial review prior to the service of the complaint. *See* 28 U.S.C. §§ 1915(e)(2) (stating that "the court shall dismiss the case at any time if the court determines that" the action "is frivolous malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, pursuant to 28 U.S.C. §§ 1915(e)(2), courts may review and even resolve a plaintiff's claims before service, which creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *Cf. Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that Defendants are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under pursuant to 28 U.S.C. §§ 1915(e)(2), in the same way Defendants are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they

2

had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Pursuant to pursuant to 28 U.S.C. § 1915(e)(2), the Court may dismiss an action in which the plaintiff is proceeding *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. The Court will also deny Plaintiff's motion for a preliminary injunction (ECF No. 3) and application for electronic filing and service (ECF No. 4).

## Discussion

### I.  Factual Allegations

Plaintiff's complaint concerns events spanning from the summer of 2023 until the present, while Plaintiff was on parole from the Michigan Department of Corrections (MDOC) and in custody. (*See generally* Compl., ECF No. 1.) Plaintiff sues the MDOC and Parole Officer Ashley Smith. (*Id.*)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that, while on parole from the MDOC in July 2023, Plaintiff was assaulted by a member of his family and was placed in a "witness protective program." (*Id.*, PageID.5.) In September 2023, Plaintiff testified against this family member and others, resulting in their criminal convictions. (*Id.*)

On April 13, 2024, while Plaintiff remained on parole, Plaintiff was involved in a verbal altercation with his stepdaughter. (*Id.*) Both Plaintiff and his stepdaughter called the police, and Plaintiff's stepdaughter reported that Plaintiff had a box cutter. (*Id.*) Plaintiff attempted to report the incident to Defendant Smith, but she did not answer. (*Id.*)

On April 14, 2023, Plaintiff had a heart attack and lost his memory. (*Id.*, PageID.6.) Plaintiff remained in the hospital until April 19, 2023, at which time he was discharged and went to see Defendant Smith. (*Id.*) Defendant Smith was not at her office; however, Plaintiff saw "some other person." (*Id.*) Plaintiff was then arrested by the "ARU," or Absconder Recovery Unit. (*Id.*)[2] Plaintiff was transported to the MDOC's G. Robert Cotton Correctional Facility where he was housed with the same people he had previously testified against. (*Id.*, PageID.6–7.)

Plaintiff describes several events that took place during his incarceration, including that, within the first month, two of the people he had testified against approached and threatened him. (*Id.*) Plaintiff notified officers and his psychologist of the threats and his fears for his safety and was placed in the special management housing unit. (*Id.*)

Plaintiff was eventually moved from the special management housing unit and, on an unknown date, was moved to a different correctional facility. (*Id.*, PageID.9.) On July 13, 2024,

---

[2] MDOC Policy Directive 06.01.130 identifies the Absconder Recovery Unit (ARU) as "responsible for locating and arresting parole violators . . ." MDOC P.D. 06.01.130.A. (eff. Aug. 28, 2023).

Plaintiff was attacked by three non-party prisoners who were aware that Plaintiff had testified in the September 2023 criminal proceedings. (*Id.*)

On April 22, 2025, Plaintiff was again released on parole. (*Id.*, PageID.12.)

As a result of the events described in Plaintiff's complaint, Plaintiff seeks monetary and injunctive relief. (*Id.*, PageID.13.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Here, Plaintiff has named two Defendants: the MDOC and Parole Officer Ashley Smith. The Court will address Plaintiff's claims against each Defendant in turn.

### A.     Claims Against the MDOC

First, Plaintiff brings his claims against the MDOC. Plaintiff, however, may not maintain a § 1983 action against the MDOC.

Section 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). But the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. The Court, therefore, will dismiss the MDOC as a Defendant.

### B.     Claims Against Parole Officer Smith

Second, Plaintiff sues Parole Officer Ashley Smith. Plaintiff claims that Defendant Smith "knew that the Plaintiff told on the same people who had him locked up then she don't tell the MDOC he was in witness protection program." (Compl., ECF No. 1, PageID.4.) However, Plaintiff's complaint does not contain any well-pleaded factual allegations to support a § 1983 claim against Defendant Smith.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations

of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)); *see also Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Here, Plaintiff describes that, following his verbal altercation with his stepdaughter and subsequent hospitalization, Plaintiff spoke with "some other person" in the parole office and was arrested by the MDOC's Absconder Recovery Unit. (Compl., ECF No. 1, PageID.6.) There is nothing to indicate that Defendant Smith played any role in Plaintiff's parole revocation. And, regardless, Plaintiff's complaint also does not suggest that Defendant Smith, as a parole officer, was responsible for communicating Plaintiff's status as a protected witness to any other MDOC employee, or that the MDOC was not otherwise aware of this information.

Moreover, even assuming, without deciding, that Defendant Smith had somehow been responsible for failing to communicate that Plaintiff was in a program to protect information regarding Plaintiff's whereabouts, Plaintiff's complaint does not plausibly suggest that this failure was actionable under § 1983 or that it caused the July 13, 2024, attack.

The Court will liberally construe Plaintiff's allegations against Defendant Smith as an Eighth Amendment claim for failure to protect. Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). For a prisoner to state an Eighth Amendment claim for failure to protect, he must show that he faced a sufficiently serious risk to

7

his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011).

Here, Plaintiff does not allege any facts that would suggest that Defendant Smith was aware that Plaintiff would be placed in the same facility as those he had testified against or that, should she fail to communicate Plaintiff's status as a protected witness, the facility would not be aware of that information, posing a substantial risk of serious harm. At best, even assuming that Defendant Smith had a duty to communicate with the correctional facility, Plaintiff's conclusory allegations suggest nothing more than negligence, which falls short of the deliberate indifference required to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835.

Additionally, the facts as alleged do not plausibly suggest that Defendant Smith's failure could have caused the July 13, 2024, attack. Plaintiff acknowledges that, upon notifying non-party MDOC staff of his fears, he was placed in the special management housing unit for his safety, and that he was eventually transferred to a different facility. It was at this new and separate facility that the July 13, 2024, attack occurred. Plaintiff does not contend that the individuals against whom he had testified were housed in the facility where the attack occurred. Therefore, Plaintiff's allegations do not allow the Court to infer that Defendant Smith's communications or lack thereof could have caused the July 13, 2024, attack.

For each of the foregoing reasons, Plaintiff fails to state a claim against Defendant Smith upon which relief can be granted. Therefore, the Court will dismiss Plaintiff's complaint against Defendant Smith.

### III.     Pending Motions

With his complaint, Plaintiff filed a motion for a preliminary injunction (ECF No. 3) and a *pro se* application for electronic filing and service (ECF No. 4). Because Plaintiff's complaint will be dismissed in its entirety for failure to state a claim, both motions will be denied.

### Conclusion

Having conducted the review required by 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss Plaintiff's complaint for failure to state a claim. The Court will deny Plaintiff's motion for a preliminary injunction (ECF No. 3) and a *pro se* application for electronic filing and service (ECF No. 4).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:   July 25, 2025                                         /s/ Ray Kent
                                                               Ray Kent
                                                               United States Magistrate Judge